# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ORLYN CAMPBELL** | **CIVIL ACTION NO. 08-0682** |
| **VERSUS** | **JUDGE DOHERTY** |
| **ENERGY XXI GULF COAST, INC., ENERGY XXI USA, INC.** | **MAGISTRATE JUDGE METHVIN** |

### RULING ON MOTION TO COMPEL
*(Rec. Doc. 46)*

Before the court is plaintiff's expedited motion to compel certain data regarding two pairs of lights which were attached to the living quarters on defendants' offshore platform MP 73A, on the night plaintiff fell, November 7, 2009. Trial in this matter is set for November 30, 2009.

*Background and Argument*

Plaintiff argues he needs this information to supplement the report of his expert, Fred Liebkemann, IV, which defendant has challenged based in part on Liebkemann's alleged lack of information about lighting conditions on the platform. Plaintiff served his request for information relative to the lighting in the form of interrogatories and requests for production on June 18, 2009, but received no response. After attempts to resolve the matter amicably, this motion followed.

While defendants have filed an opposition, they have agreed to produce a response "as soon as feasible," but argue they should not have to pay attorney's fees, "given defendant's numerous previous responses to plaintiff's nine sets of production of documents and five sets of interrogatories, as well as the timing of this request, months after the platform inspection and

tender of his expert report."[1] Defendants state they anticipate they can provide the requested information to plaintiff within seven to ten days.[2]

In reply, plaintiff argues he originally requested the information from Energy on January 21, 2009, in a supplemental 30(b)(6) deposition notice, and contests the accuracy of defendants' recitation of the facts regarding the amount of discovery propounded. However, he agrees that "[a]n order requiring Energy XXI to provide the requested data within 7-10 days, as Energy XXI states it anticipates it will be able to do, is acceptable."[3]

***Applicable Law and Discussion***

>   Fed. R. Civ. P. Rule 37(a)(5)(A) states in relevant part as follows:
>
>   If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>   >   (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   >
>   >   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>   >
>   >   (iii) other circumstances make an award of expenses unjust.

Defendants' argument that they did not respond to the propounded discovery because plaintiff had already propounded numerous discovery requests is not a sufficient reason to fail to respond to the limited and narrow discovery request at issue, particularly since this information

---

[1] *Memorandum in Opposition to Motion to Compel* (rec. doc. 52).

[2] *Ibid.* The opposition was filed on August 18, 2009.

[3] *Reply Memorandum in Support of Plaintiff's Motion to Compel* (rec. doc. 60), p. 2.

had been requested as far back as January, 2009, had not been provided, and defendants then used the plaintiff's expert's lack of sufficient knowledge regarding the platform's lighting in opposition to his testimony. The record show plaintiff attempted to resolve this issue with multiple correspondence, but was unsuccessful, prior to filing the motion to compel.

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Data Regarding Lighting (rec. doc. 46) is **GRANTED** as follows:

1) Defendants shall produce the requested information no later than **August 28, 2009**;

2) Defendants shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of the instant motion to compel in accordance with Fed.R.Civ.P. 37(a)(5). Movers' counsel shall file a motion to set attorney's fees and an affidavit of fees and costs into the record **on or before September 4, 2009,** in order to assist the court in the assessment of a reasonable fees and costs award. The affidavit(s) shall contain: (1) The customary hourly rate of each attorney and paralegal involved; (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred. Failure to file the affidavit in the form required and/or within the deadline imposed will render the award null and void. **Objections to the affidavit shall be filed on or before September 11, 2009.**

The Clerk of Court shall notice any motion and affidavit filed for consideration on the undersigned's October, 2009 motion calendar, without oral argument, as an "assessment of Rule 37(a)(5) fees and expenses."

Signed at Lafayette, Louisiana, on August 21, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)